UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

NICKYA WHITTINGTON, LIZIA WHITTINGTON, DEON MASON, IAISHA SELBY, DEVON OGARRO, SHAVONE BETHEA, JEROME BETHEA, CARRINGTON JOSEPH, and COURTNEY PRIMO,

Plaintiffs,

-against-

THE CITY OF NEW YORK, DANIEL NICOLETTI, and JOHN and JANE DOES 1-10,

Defendants.

-----------------------------------X

FILED
CLERK
2013 JAN -4 PM 1:05
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

CV 13 - 0067

**COMPLAINT**

GARAUFIS, J.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

AZRACK, M.J.

Plaintiffs, Nickya Whittington, Lizia Whittington, Deon Mason, Iasha Selby, Devon Ogarro, Shavone Bethea, Jerome Bethea, Carrington Joseph, and Courtney Primo, by their attorneys, Reibman & Weiner, as for their complaint against the defendants, allege, upon information and belief, as follows:

## PARTIES, JURISDICTION and VENUE

1. At all relevant times herein, plaintiff Nickya Whittington was a female resident of Kings County, within the City and State of New York.

2. At all relevant times herein, plaintiff Lizia Whittington was a female resident of Kings County, within the City and State of New York.

3. At all relevant times herein, plaintiff Deon Mason was a male resident of the County of Kings, within the City and State of New York.

4. At all relevant times herein, plaintiff Iaisha Selby was a female resident of the County of Kings, within the City and State of New York.

5. At all relevant times herein, plaintiff Devon Ogarro was a male resident of the County of Kings, within the City and State of New York.

6. At all relevant times herein, plaintiff Shavone Bethea was a male resident of the County of Kings, within the City and State of New York.

7. At all relevant times herein, plaintiff Jerome Bethea was a male resident of the County of Kings, within the City and State of New York.

8. At all relevant times herein, plaintiff Carrington Joseph was a male resident of the County of Kings, within the City and State of New York.

9. At all relevant times herein, plaintiff Courtney Primo was a male resident of the County of Kings, within the City and State of New York.

10. At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

11. At all relevant times hereinafter mentioned, defendant Daniel Nicoletti, Tax Registry No. 942271, was employed by the City of New York as a member of the NYPD, and assigned to the 81st precinct. Nicoletti is being sued in both his official and individual capacities.

12. Upon information and belief, defendants John and Does 1 through 10 were at all relevant times herein employed by the City of New York as members of the NYPD, and are sued in both their official and individual capacities.

13. Upon information and belief, at all relevant times herein each of the individual defendants, including the Doe defendants, were state actors acting in the course of their employment with the NYPD under color of law.

14. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

15. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because all of the events complained of herein occurred within the Eastern District of New York, and because it is the district of residence for the majority of the plaintiffs.

16. Notices of Claim were timely served by the plaintiffs upon the defendant City of New York.

17. At least thirty days have passed since plaintiffs' service of their Notices of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

18. Plaintiffs have complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

## FACTUAL ALLEGATIONS

19. On December 10, 2011, at or about 5:45 a.m., the plaintiffs were lawfully present inside 937 Green Avenue, in Kings County in the City and State of New York (the "Premises").

20. The Premises is a privately owned residential building in which some of the plaintiffs lived at the time. On December 10, 2011, those plaintiffs that did not live in the Premises were present as invited guests..

21. On December 10, 2011, at or about 5:45 a.m., Nicoletti and other members of the NYPD, including the Doe defendants, physically forced their way into the Premises.

22. The defendants did not display a warrant permitting entry into the Premises.

23. There were no exigent circumstances permitting entry into the Premises, nor would it be reasonable for the defendants to believe that any exigency existed.

24. Nobody consented to the defendants' entry into the Premises, nor would it be reasonable for the defendants to believe that any consent had been given.

25. The defendants, while inside the Premises, seized and arrested each of the plaintiffs at gunpoint, physically threw or forced some of the plaintiffs to the floor, and handcuffed and placed each of the plaintiffs under arrest.

26. There was no lawful basis to arrest any of the plaintiffs, nor would it be reasonable for the defendants to believe that any such basis existed.

27. None of the plaintiffs had actual or constructive possession of narcotics or weapons, nor were any of the plaintiffs engaging in any illegal activity.

28. The plaintiffs were then detained at the Premises for a period of time and then transported to the 81st Precinct station house for processing.

29. After a period of many hours, while she was still at the precinct station house, the defendants summarily released plaintiff Nickya Whittington from custody. She was never criminally charged in this matter.

30. Each of the remaining plaintiffs was transported to Kings County Central Booking, where they were imprisoned for a period of many hours.

31. Eventually, all of the remaining plaintiffs were summarily released after the Kings County District Attorney declined to prosecute them.

32. None of the plaintiffs were provided transportation home, or to the Precinct station house, where the defendants were holding some of the plaintiffs' personal effects.

**FIRST CAUSE OF ACTION**

33. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 32 of the complaint as if incorporated and reiterated herein.

34. Defendants Nicoletti and the Doe defendants willfully and intentionally employed excessive force and seized and arrested plaintiffs without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

35. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

36. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 35 of the complaint as if incorporated and reiterated herein.

37. Defendant City of New York, and its senior commanding officers, created, caused to be created, or were otherwise aware of and overtly or tacitly endorsed a policy by which officers, including those assigned to the 81 precinct, were directed to meet quotas and prescribed activity levels by making arrests, regardless of whether all of the arrests were lawful or otherwise supported by probable cause.

38. This policy aggressively directed officers to seize, detain, and arrest individuals in order to improve the statistical performance of the 81st precinct specifically and the NYPD generally, and expressly authorized officers to make arrests without sufficient legal cause.

39. These defendants, by creating and/or enforcing this policy, caused the deprivation of plaintiffs' rights as set forth herein.

40. By reason thereof, the municipal has violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to

suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## THIRD CAUSE OF ACTION

41. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 40 of the complaint as if incorporated and reiterated herein.

42. Plaintiffs were seized, arrested and imprisoned by defendants.

43. The plaintiffs were aware of an d did not consent to the deprivation of their liberty.

44. At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for arresting, detaining and imprisoning any of the plaintiffs.

45. At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for using force to seize and arrest the plaintiffs, and their use of force was unlawful.

46. Defendants are liable for their use of excessive force and for the false arrest and imprisonment of the plaintiffs.

47. By reason thereof, defendants have caused each of the plaintiffs to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against the defendants jointly and severally as follows:

i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second and third causes of action actual damages in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to, *inter alia,* 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
December 20, 2012

REIBMAN & WEINER
Attorneys for Plaintiffs

Michael Lumer, Esq. (ML-1947)
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743